UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK FRED JOHNSON,

    Petitioner,                                    Civil Action No. 12-CV-15032

v.                                                 HON. BERNARD A. FRIEDMAN

MITCH PERRY,

    Respondent.
_____/

### OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2011 he pled guilty in Oakland County Circuit Court to delivery of less than 50 grams of heroin and was sentenced to concurrent terms of three to 20 years imprisonment. Following sentencing, petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was denied for lack of merit. *See People v. Johnson*, No. 309037 (Mich. Ct. App. April 23, 2012). He also filed an application for leave to appeal in the Michigan Supreme Court, which was denied in a standard order. *See People v. Johnson*, 492 Mich. 870 (2012). Petitioner filed his federal habeas petition on November 14, 2012. In his pleadings, petitioner raises an entrapment claim challenging the actions of an undercover agent and contesting the trial court's findings at entrapment hearings conducted before his plea.

Promptly after the filing of a habeas petition, the Court must review the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254

CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See id.*; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). Petitions subject to Rule 4 dismissal include those which raise legally frivolous claims, as well as those containing incredible or false factual allegations. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

Having reviewed the instant petition, the Court concludes that it must be denied. To be entitled to federal habeas relief, petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3); 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following standard of review for federal habeas cases brought by state prisoners:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

Petitioner's habeas claim that he was entrapped is not cognizable on federal habeas review. It is well established that entrapment is not a constitutional defense. *See Hampton v. United States*, 425 U.S. 484, 488–91 (1976); *United States v. Russell*, 411 U.S. 423, 430 (1973); *Sosa v. Jones*, 389 F.3d 644, 648 (6th Cir. 2004); *United States v. Tucker*, 28 F.3d 1420, 1426–28 (6th Cir. 1994); *Rodriguez v. Jones*, 625 F. Supp. 2d 552, 566 (E.D. Mich. 2009); *Seeger v. Straub*, 29 F.

Supp. 2d 385, 390–91 (E.D. Mich. 1998). Because entrapment is not a constitutional defense, it cannot form the basis for federal habeas relief. *See Sosa*, 389 F.3d at 647–48; *Rodriguez*, 625 F. Supp. 2d at 566; *Seeger*, 29 F. Supp. 2d at 390–91; *Corrion v. Berghuis*, 2011 WL 2669296, at \*16 (E.D. Mich. July 7, 2011); *Andrews v. Rapelje*, 2011 WL 2600509, at \*3 (E.D. Mich. June 28, 2011).

For these reasons, the Court concludes that petitioner is not entitled to federal habeas relief on his entrapment claim and his petition must therefore be denied. For the same reason, the court declines to issue a certificate of appealability, as petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Likewise, the Court shall not permit petitioner to proceed on appeal *in forma pauperis*, as an appeal in this matter could not be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly,

IT IS ORDERED that the petition in this matter for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue and petitioner may not proceed on appeal *in forma pauperis*.

_s/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: November 30, 2012
      Detroit, Michigan